IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRACI FLECK, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| | NO. _____ |
| DIVERSIFIED ADJUSTMENT SERVICE, INC., a Minnesota corporation, | |
| Defendant. | |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

**SUBJECT MATTER JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant, DIVERSIFIED ADJUSTMENT SERVICE, INC., is a corporation formed under the laws of the State of Minnesota. [Hereinafter, said Defendant is referred to as "DAS"].

5. DAS transacts business in this state.

6. DAS's transactions in this state give rise to the Plaintiff's cause of action.

7. DAS is subject to the jurisdiction and venue of this Court.

8. DAS may be served by personal service upon its registered agent in the State of Georgia, to wit: C.T. Corporation System, 1201 Peachtree Street N.E., Atlanta, GA 30361.

9. Alternatively, DAS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Minnesota.

## FACTS COMMON TO ALL CAUSES

10. DAS uses the mails in its business.

11. DAS uses telephone communications in its business.

12. The principle purpose of DAS's business is the collection of debts.

13. DAS regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

14. DAS is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

15. In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a business not a party to this litigation, DAS communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

16. The alleged debt which DAS attempted to collect from the plaintiff was incurred for personal, family or household purposes.

17. In or around August 2010, DAS left at least four pre-recorded telephone messages for Plaintiff requesting a return call.

18. In each of the messages, DAS did not meaningfully disclose its identity.

19. In each of the messages, DAS did not state that the communications were from a debt collector.

20. In each of the messages, DAS did not state that the purpose of the communications were an attempt to collect a debt.

21. Defendant's communications violate the Fair Debt Collection Practices Act.

22. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

23. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

24. Defendant's violations of the FDCPA include, but are not limited to, the following:

25. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

26. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

27. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

28. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

/s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
Kris Skaar

Georgia Bar No. 649610
Justin T. Holcombe
Georgia Bar No. 552100

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax